*A. J. Parker* for appellants.

*A. J. Bush* for respondents.

Held order not appealable. All concur. No opinion.

---

THE NATIONAL BANK OF FISHKILL, Respondent, *v.* JOHN E. SPEIGHT et al., Executors, etc., Appellants.

If before the maturity of paper held by a bank against a depositor an arrangement is made by which the bank agrees to hold the deposit for a specific purpose and not to charge the note against it, the bank may be regarded as a trustee and the deposit special.

In such a case, in the absence of fraud or collusion, an indorser upon such paper has no right to require the application of the deposit toward the payment of the paper upon its maturity.

Where the money on deposit is furnished by the indorser, to be used for a specific purpose, and it is so used, his direction will be deemed an assent to such use.

The words "such refusal" in the short statute of limitations (2 Edmonds' Stats., p. 91, § 38) mean a refusal to allow or pay the claim, not a refusal to refer. A mere offer to refer by an executor or administrator after an unqualified refusal to pay will not waive the statute. (CHURCH, Ch. J., GROVER, J., concurring.) But where an agreement in writing to refer is made, upon which both parties have acted, although no referee is chosen, the claim will be regarded as referred, for the purpose of avoiding the statute of limitations. The statute is highly penal in its character and should be strictly construed. In such a case also the principle of equitable estoppel will apply. (ALLEN and FOLGER, JJ., dissenting.)

(Argued January 23, 1872; decided February 13, 1872.)

APPEAL from a judgment of the General Term of the Supreme Court in the second department, affirming a judgment entered in Kings county upon the decision of a justice.

The action is brought to recover the amount of two promissory notes made by William S. Dudley and indorsed by John G. Dudley, defendant's testator, and delivered to plaintiff for value before maturity. One of said notes fell due April 7th and the other April 17th, 1867. At the maturity of the notes William S. Dudley had more than their amount standing to his credit on the books of the bank. Such moneys

were part of a fund sent by John G. Dudley to William S. Dudley, to be used in the furnace business, and were so used except a small portion which was had by John G. Dudley personally. The deposit was entered on the books of the bank as follows: "14th March, W. S. Dudley special, J. G. D." William S. Dudley gave express directions to the bank not to charge the notes to his account, in pursuance of which they were not so charged. There was also an agreement between the maker, indorser and holder that the notes were not to be paid at maturity, but continued as a loan. Said notes were not paid when due, were duly protested, and notice thereof given to the indorser. Said John D. Dudley died April 24th, 1867, and letters testamentary were issued to defendants June 26th, 1867. The notes were presented to the defendants for payment February 9th, 1869. Payment was refused and the claim rejected, but defendants proposed and agreed in writing to refer the claim, which proposition was accepted by plaintiff in writing on the 20th February, 1869. Referees were named, but none agreed upon. Negotiations in regard thereto were open and pending, when on the 18th August, 1869, defendants' attorneys wrote to plaintiff's attorneys, stating that six months had elapsed since the rejection of the claim, and they would not pay or refer the same. This action was commenced November 31st, 1869. The court decided that the six months' statute of limitations was not a bar, and entered judgment for plaintiff for the amount of the notes and interest.

*Gleason & Babcock* for appellants.

*Thomson & Weeks* for respondent.

Church, Ch. J., reads opinion for affirmance, and Grover, J., concurs; Peckham and Rapallo, JJ., concur in result; Allen and Folger, JJ., dissent.

Judgment affirmed.